IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD R. SCOTT, )
        Plaintiff )
)
vs. ) Civil Action No. 09-55J
) Judge Terrence F. McVerry
JAMEY P. LUTHER; JAMES ) Chief Magistrate Judge Amy Reynolds Hay
WARRINGTON; MICHELLE )
DRISKEL HOUSER; JAMES M. )
SUTTON, )
        Defendants ) Re: Dkt. [42]

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that Defendants' motion to dismiss be granted albeit without prejudice to Plaintiff filing an amended complaint within a time specified by the District Judge if the District Judge accepts this report and recommendation.

II.    Report

**Relevant Procedural History**

Bernard Scott ("Plaintiff") is currently incarcerated in SCI-Cresson, specifically, at the Secure Special Needs Unit ("SSNU") at that prison.[1] Since the time of his incarceration, Plaintiff

---

[1] As explained by one Court:

The SSNU is a five-phased multi-disciplinary treatment program. (Docket No. 159-2 at 43.) Participation in the treatment program is based on a phase system in accordance with the SSNU privileges chart. The treatment phase system uses progressive steps to increase privileges based on appropriate inmate behavior and compliance with his or her individual treatment plan ("ITP"). The initial treatment phase is determined by the inmate's present level of functioning, recent historical information, and mental status. The SSNU treatment team recommends all treatment phase changes and the SSNU team and the program review committee ("PRC") monitor the behavior of every SSNU inmate and may grant specific privileges

has filed several prisoner civil rights actions other than the current one.[2]  In the civil rights case at hand, Plaintiff is proceeding pro se and in forma pauperis.  In conclusory fashion, the operative complaint (Dkt. [38]) alleges a whole host of wrongs apparently beginning in August 8, 2008 and continuing to the date of the signing of the operative complaint, i.e., January 12, 2010, the date the operative complaint is deemed to have been filed pursuant to the so-called prisoner mail box rule.  The complaint names four defendants: (1) Jamey P. Luther, Deputy Superintendent for Centralized Services; (2) James Warrington, Chief Psychologist; (3) Michelle Driskel Houser, Unit Manager; and (4) James Sutton, the Mail Room Supervisor.[3]

Presently before the Court is Defendants' Motion to Dismiss (Dkt. [42]), to which Plaintiff responded.[4]  For the reasons set forth below, the Defendants' motion is properly dismissed without prejudice.

---

according to the phase system. The SSNU team, in conjunction with the PRC, may terminate all phases and privileges at any time, based upon the inmate's behavior and compliance with his or her ITP. (Docket No. 159-2 at 43.) Accordingly, as inmates progress through the system, they are afforded additional privileges. An inmate is housed in a SSNU for a maximum of eighteen months, unless extended by the SSNU management team. (Docket No. 159-2 at 39 .)

Banks v. Beard, No. 06-253J, 2010 WL 883718, at *3 (W.D.Pa., March 5, 2010).

[2]  Those suits are as follows: (1) Scott v. Klem, No. 3:03-cv-02032 (M.D. Pa. Filed 11/12/2003, and summary judgment granted to Defendants on 12/2/2004); (2) Scott v. Folino, No. 2:05-cv-00739 (W.D. Pa., filed 5/25/2005, and dismissed for failure to prosecute on 3/5/2007); (3) Scott v. Mooney, No. 3:05-cv-01091 (M.D. Pa. Filed 5/31/05 and closed for failure to prosecute on 3/7/2006); (4) Scott v. DiGuglielmo, No. 2:08-cv-01663 (E.D. Pa., filed 4/7/2008 and still pending now but against only one out of the five original defendants).

[3]  Mr. Sutton was apparently named in the body of the original complaint but not the caption.

[4]  Plaintiff's "Response" is found in documents entitled Motion for Reconsideration (Dkt. [45]) and Objections to Magistrate's Report (Dkt. [47]), which are substantially duplicative of one another.

**Standard of Review and the PLRA**

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint that are not contradicted, and taking all reasonable inferences to be drawn from them, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." Id. at 570.

Recently, the Supreme Court refined its standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (May 18, 2009). Expanding on its decision in Twombly, the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50. To meet Fed.R.Civ. P. No. 8(a)(2)'s notice pleading requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also 5C Wright & Miller, Federal Practice and Procedure § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted).

In addition, because Plaintiff was, at the time of the filing of this civil action,[5] a prisoner

---

[5] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether

4

and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. In addition, because he was a prisoner granted leave to proceed in forma pauperis to prosecute this suit, the screening provisions of 28 U.S.C. § 1915(e) also apply. Lastly, because he was a prisoner who filed a civil rights action complaining of prison conditions, the screening provisions of 42 U.S.C. § 1997e apply. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 Fed.Appx. 183 (3d Cir. 2008).

**Discussion**

The first argument that the Defendants raise is that the complaint fails to state a claim because it is comprised of merely conclusory allegations, lacking sufficient factual detail to provide them the fair notice required in Fed.R.Civ.P. No. 8. The Defendants point out that "although Scott asserts violations of the First, Eighth and Fourteenth Amendments, he fails to identify within his Amended Complaint any specific incident, action, event or occurrence in support of his claims." Dkt. [43] at 4. We agree.

As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of

---

the PLRA applies to a case.").

action supported by mere conclusory statements do not suffice" to state a claim. Ashcroft v. Iqbal. 129 S.Ct. at 1949. Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Even generously reading the complaint given Plaintiff's pro se status, that is all that we find the complaint consists of, namely, threadbare recitals of a cause of action supported by mere conclusory statements. Plaintiff fails to allege with sufficient specificity the actions or inactions of each defendant such that they could intelligently and intelligibly respond to the allegations of the amended complaint. See, e.g., Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), aff'd, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion)(a complaint that fails to comply with Rule 8 "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."). Accordingly, the Defendants' Motion to Dismiss the Amended Complaint is properly granted, albeit without prejudice to Plaintiff filing an amended complaint within a specified time period if and after the District Judge adopts the Report and Recommendation. See, e.g., Tate v. Morris County Prosecutor's Office, 284 Fed.App'x 877, 879 (3d Cir.2008)("district courts in this circuit must grant leave to amend before dismissing a pro se civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason").

We briefly explain why we do not recommend the grant of the Defendants' motion to dismiss on their alternative ground of Plaintiff's failure to exhaust administrative remedies prior to filing suit. We note that the original complaint primarily concerned the fact that Plaintiff was not receiving his mail. Dkt. [5] at 2, ¶ IV.C. ("They [i.e., the defendants] deliberately obstruct,

and steal my personal mail; legal mail: publications that I order: and institutional mail: they are refusing to forward me all my personal mail legal mail and publications: this is their way of stoping [sic] me from communicating with my family and the State and Federal Courts."). The Defendants concede that the sole Grievance that was exhausted prior to the initiation of this suit was Grievance No. 246457, which concerned Plaintiff's alleged non-receipt of mail. Dkt. [43] at 8. Hence, it would appear, at least on the current state of the record, that this claim was exhausted prior to the initiation of this suit.

Second, the Defendants also appear to suggest that the claims raised in the amended complaint, namely those that Plaintiff is suffering abuse and retaliation in the form of, *inter alia*, not being treated for his psychological problems and that he is being denied his liberty interests without due process, likewise were not exhausted prior to the filing of the amended complaint. See Dkt. [43] at 9 n. 2. However, Grievance No. 294540, to which the Secretary's Office of Inmate Grievance and Appeals provided a final response on December 10, 2009, seems to have been fully exhausted prior to the filing of the amended complaint and concerned the alleged lack of psychological treatment. Dkt. [35-1] at 27. See also Dkt. [35-1] at 29 (listing several grievances concerning several issues that appear to have been exhausted prior to the filing of the amended complaint). Hence on this record, and acknowledging that exhaustion of administrative remedies is an affirmative defense, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(meaning that the burden of proving non-exhaustion lies with the Defendants), we cannot find that the Defendants have shown entitlement to have the case dismissed based upon Plaintiff's alleged failure to exhaust. To be clear, we are not holding that Plaintiff has exhausted his administrative remedies prior to filing the complaints; rather, we are holding that in the procedural posture of this case

<blockquote></blockquote>

<blockquote></blockquote>

<blockquote></blockquote>

now, we cannot conclusively determine that Plaintiff has failed to do so and, thus, we cannot conclusively determine that the Defendants have established such.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 26 May, 2010

cc: Terrence F. McVerry
United States District Judge

Bernard R. Scott
DG-5772
SCI Cresson
P.O. Box A
Old Rt. 22
Cresson, PA 16699-0001

All counsel of record via CM-ECF